UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
RUFUS CISCO,

                                                                                              **COMPLAINT**

                     Plaintiff,                                    **08 CV 6853**

        -against-                                 **JURY TRIAL DEMANDED**

                                                                                           **ECF CASE**

THE CITY OF NEW YORK,  P.O. PATRICK FLAHERTY, Shield
No. 2540, Individually and in his Official Capacity and P.O.'s
"JOHN DOE" #1-10, Individually and in their Official Capacity (the
name John Doe being fictitious, as the true names are presently
unknown),

                              Defendants.
------------------------------------------------------------------------------X

      Plaintiff, RUFUS CISCO, by his attorney, Cohen & Fitch LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is an African-American male and was at all relevant times a resident of the Kings County, State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O. PATRICK FLAHERTY and P.O.'s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

**FACTS**

13. On November 12, 2006, at approximately 5:25 p.m., plaintiff RUFUS CISCO was lawfully present at the location of the 4 train between the Grand Central and 33rd Street stops, in the County, City and State of New York.

14. At the aforesaid time and place, plaintiff RUFUS CISCO was traveling on the 4 train after he had finished work that day at Fresh Direct in Long Island City.

15. RUFUS CISCO was traveling on the 4 train in order to get to his home in Brooklyn after he had finished work that day at Fresh Direct.

16. RUFUS CISCO exited the 4 train at 14th Street, Union Square Station, in order to transfer

to the L train, which would take him to his home in Brooklyn.

17. Immediately thereafter, plaintiff RUFUS CISCO was accosted by several members of the New York City Police Department.

18. The officers grabbed plaintiff RUFUS CISCO and searched him for contraband and items of stolen property.

19. Defendants did not recover any contraband on plaintiff RUFUS CISCO.

20. Defendants did not recover any stolen property on plaintiff RUFUS CISCO.

21. Notwithstanding the lack of any evidence contraband or stolen property, defendants arrested plaintiff RUFUS CISCO and charged him with Jostling and Attempted Grand Larceny in the Fourth Degree.

22. Plaintiff RUFUS CISCO had not jostled anyone or attempted to steal any property

of anything from anyone on November 12, 2006.

23.    In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the New York County District Attorney's Office.

24.    Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

25.    As a result of his unlawful arrest, plaintiff RUFUS CISCO spent approximately twenty four (24) hours in jail.

26.    As a result of his unlawful arrest, plaintiff RUFUS CISCO missed approximately one (1) day of work and spent approximately one (1) year making numerous court appearances in connection with charges related to his false arrest.

27.    On or about November 21, 2007, all charges against plaintiff RUFUS CISCO were dismissed.

28.    As a result of the foregoing, plaintiff RUFUS CISCO sustained, <u>inter alia</u>, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**<u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>**

29.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

31.    All of the aforementioned acts deprived plaintiff RUFUS CISCO of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth,

Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacity as police officers, with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacity as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

35. As a result of the foregoing, plaintiff RUFUS CISCO sustained, *inter alia*, loss of liberty, emotional distress embarrassment and humiliation, lost earnings and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of defendants' aforementioned conduct, plaintiff RUFUS CISCO was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

38. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other

physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants misrepresented and falsified evidence before the District Attorney.

41.     Defendants did not make a complete and full statement of facts to the District Attorney.

42.     Defendants withheld exculpatory evidence from the District Attorney.

43.     Defendants were directly and actively involved in the initiation of criminal proceedings against RUFUS CISCO.

44.     Defendants lacked probable cause to initiate criminal proceedings against RUFUS CISCO.

45.     Defendants acted with malice in initiating criminal proceedings against RUFUS CISCO.

46.     Defendants were directly and actively involved in the continuation of criminal proceedings against RUFUS CISCO.

47.     Defendants lacked probable cause to continue criminal proceedings against RUFUS CISCO.

48.     Defendants acted with malice in continuing criminal proceedings against RUFUS CISCO.

49.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

50.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal

proceedings were terminated in RUFUS CISCO'S favor on or about November 21, 2007 when all charges against him were dismissed.

51.  As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

52.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" with the same force and effect as if fully set forth herein.

53.  Defendants issued legal process to place plaintiff RUFUS CISCO under arrest.

54.  Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

55.  Defendants acted with intent to do harm to plaintiff RUFUS CISCO, without excuse or justification.

56.  As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

57.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" as if the same were more fully set forth at length herein.

58.  Defendants created false evidence against plaintiff RUFUS CISCO.

59.  Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

60.  Defendants misled the prosecutors by creating false evidence against plaintiff

RUFUS CISCO and thereafter providing false testimony throughout the criminal proceedings.

61. In creating false evidence against plaintiff RUFUS CISCO, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

62. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

63. As a result of the foregoing, plaintiff RUFUS CISCO is entitled to compensatory damages in the sum of five hundred thousand dollars ($500,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff RUFUS CISCO demands judgment in the sum of five hundred thousand dollars ($500,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
July 28, 2008

BY:_____/S_____
JOSHUA P. FITCH (JF-2813)
COHEN & FITCH LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115